1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHANCELLOR WADE,

11              Plaintiff,                    No. CIV S-04-1711 GEB DAD P

12        vs.

13   COUNTY OF SACRAMENTO, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff is a Sacramento County jail inmate proceeding pro se.  Plaintiff seeks

17   relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302

19   pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $7.39 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

2

1     In his complaint plaintiff alleges that he is Muslim and claims violation of his

2   rights under the First Amendment during his incarceration at the Sacramento County Jail.

3   Specifically, plaintiff alleges that the county defendants have no policy regarding the providing

4   of dietary substitutions for inmates, such as plaintiff, who cannot eat pork or pork byproducts

5   because of their religious beliefs.  Plaintiff also alleges that defendants Iawsa, Smith and Jones

6   improperly denied his inmate appeal with respect to his claim.  In addition, plaintiff alleges

7   violations under state law for negligence, negligent infliction of emotional distress, and breach of

8   the implied covenant of good faith and fair dealing.  Plaintiff names as defendants, Sacramento

9   County, Sacramento County Sheriff's Department, Sheriff Lou Blanas, Jail Commander Iawsa,

10  Lt. Smith, Sgt. Jones, Sacramento County Board of Supervisors Dickinson, Johnson, Niello,

11  Nottoli, and insurer George Hills Company.

12     It is well established that the right to exercise religious practices and beliefs does

13  not terminate at the prison door.  Cruz v. Beto, 405 U.S. 319 (1972).  The free exercise right,

14  however, "is necessarily limited by the fact of incarceration, and may be curtailed in order to

15  achieve legitimate correctional goals or to maintain prison security."  O'Lone v. Estate of

16  Shabazz, 482 U.S. 342, 348 (1987).  See also McCauley v. Babbitt, 833 F.2d 196, 197 (9th Cir.

17  1987) (citations omitted).  To establish a free exercise violation, a prisoner must show that

18  defendants burdened the practice of his or her religion by preventing him from engaging in

19  conduct mandated by his or her religious faith.  Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.

20  1997).  It must be demonstrated that prison officials interfered with a tenet or belief which is

21  central to religious doctrine.  See Graham v. C.I.R., 822 F.2d 844, 850-51 (9th Cir. 1987).  The

22  burden imposed must be substantial, and not merely an inconvenience.  Freeman, 125 F.3d at

23  737; see also Holiday v. Giusto, CIV. 03-01385-AS, 2004 WL 1792466, *5 -6 (D. Or., Aug. 10,

24  2004) (holding that eighteen-day delay in processing inmate's religious dietary request did not

25  rise to the level of a First Amendment violation).  "Inmates ... have the right to be provided with

26  food sufficient to sustain them in good health that satisfies the dietary laws of their religion."

1  Freeman, 125 F.3d at 198.  See also McElyea v. Babbitt, 883 F.2d 196, 198 (9th Cir. 1987).  This

2  rule does not apply if dietary requirements do not stem from religious sentiments.  See Johnson

3  v. Moore, 948 F.2d 517, 520 (9th Cir. 1991).

4         Plaintiff's complaint is deficient in several respects.  First, plaintiff nowhere

5  alleges that he was served a diet in conflict with the laws of his religion.  Rather, he alleges only

6  that the Sacramento County Jail has no policy regarding the providing of dietary substitutions for

7  prisoners who cannot eat pork or pork byproducts because of their religious beliefs.  In this

8  regard, plaintiff has not alleged any dates or specific facts as to when he was denied a dietary

9  substitution.  Plaintiff also alleges that defendants Iawsa, Smith and Jones improperly denied his

10 inmate appeal but again provides no specific factual allegations in support of his claim.  Thus, it

11 is unclear from the complaint what plaintiff grieved and what explanation or rationale was

12 provided in denying that grievance.  Therefore, the court will dismiss the complaint and grant

13 plaintiff leave to file an amended complaint.  Plaintiff must use the form provided by the court

14 and should attach a copy of his inmate grievance and the official response thereto if he wishes to

15 pursue a claim based upon the denial of that grievance.

16        Plaintiff is also advised that his state law claim under the California Insurance

17 Code § 790.03 (h) does not appear to be cognizable.  The covenant of good faith and fair dealing

18 is binding upon both the insurer and insured.  See Provident Life and Accident Ins. Co. v. Van

19 Gemert, 262 F. Supp. 2d 1047, 1051 (C.D. Cal. 2003).  However, in this case, plaintiff is neither

20 an insurer or an insured.  If plaintiff wishes to attempt to state such a claim in his amended

21 complaint, he must provide additional allegations in support thereof.

22        In addition, plaintiff must allege with at least some degree of particularity overt

23 acts which defendants engaged in that support plaintiff's claim.  Jones v. Community Redev.

24 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  There can be no liability under 42 U.S.C. § 1983

25 unless there is some affirmative link or connection between a defendant's actions and the claimed

26 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

4

1  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

3  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4  Plaintiff is informed that the court cannot refer to a prior pleading in order to

5  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This is because, as a

7  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11  In accordance with the above, IT IS HEREBY ORDERED that:

12  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13  2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

14  Plaintiff is assessed an initial partial filing fee of $7.39.  All fees shall be collected and paid in

15  accordance with this court's order to the Director of the California Department of Corrections

16  filed concurrently herewith.

17  3.  Plaintiff's complaint is dismissed.

18  4.  Plaintiff is granted thirty days from the date of service of this order to file an

19  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

20  Rules of Civil Procedure, and the Local Rules of Practice; plaintiff shall use the form complaint

21  provided by the court; the amended complaint must bear the docket number assigned this case

22  and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

23  amended complaint; plaintiff must attach a copy of his inmate grievance and appeal decision;

24  failure to file an amended complaint in accordance with this order will result in a

25  recommendation that this action be dismissed.

26  /////

1        5.  The Clerk of the Court is directed to provide plaintiff with the court's form

2   complaint for a § 1983 action.

3   DATED: May 4, 2005.

4

5   _____
    DALE A. DROZD
6   UNITED STATES MAGISTRATE JUDGE

7   DAD:4
    wade1711.14
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26