IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCELLOR WADE,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-04-1711 GEB DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding pro se in this action. Plaintiff presents claims brought pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as state negligence and breach of contract claims. This action is proceeding on plaintiff's second amended complaint which was filed on May 20, 2005.

      Specifically, the second amended complaint sets forth the following seven causes of action: (1) violation of rights under the equal protection clause; (2) violation of the RLUIPA; (3) breach of contract; (4) first amendment violation with municipal liability; (5) first amendment violation with supervisorial liability, (6) negligence, and (7) breach of contract by defendant

/////

/////

/////

George Hill Company and its employee, John Joiner.[1]  Before the court is plaintiff's motion seeking leave to file a third amended complaint.  Defendants have filed opposition to the motion.

In his proposed third amended complaint, plaintiff seeks to name the following five additional defendants:  Sacramento County Board of Supervisors Roger Dickinson, Illa Collins, Muriel Johnson, Roger Nielle, and Don Nottoli.  In this regard, plaintiff seeks to amend his complaint yet again to now allege that the individual members of the County Board of Supervisors are the supervisors of the County Sheriff and that the Sheriff in turn has the authority to establish jail policies. (Mot., Attach. Proposed Third Amended Compl. at 2.)  Plaintiff seeks leave to amend to name former Sheriff Blanas and the Board of Supervisor members as defendants with respect to his constitutional and RLUIPA claims and to name the supervisors, George Hills Company and its employee John Joiner as defendants in his state law negligence claim.  Plaintiff argues that granting him leave to once again amend his complaint will not prejudice defendants because "[t]he proposed amendments use the same operative facts as in the dprevious [sic] claim and do not significantly change the theory on which the case has been proceeding." (Mot. at 2.)  Moreover, plaintiff states that his motion is brought in good faith and he contends in conclusory fashion that he "received facts through discovery and other independent sources that brought to bare the cupability [sic] of those particular defendant[s] identified herein." (Id. at 3.)

Defendants oppose the motion, arguing that with the exception of Supervisor Collins, plaintiff named the individual Supervisors as defendants in his original complaint, dropped them as defendants in his amended complaint, and chose not to name them in his second amended complaint.  Thus, defendants argue that plaintiff cannot argue that he did not know

---

[1] In his second amended complaint, plaintiff asserts that he is Muslim and that while he was incarcerated at the Sacramento County Jail, he was not provided a pork-free diet and did not receive comparable services to those provided to Christian inmates.  Plaintiff names the following eight defendants:  County of Sacramento, Sheriff Lou Blanas, Chief Deputy Mark Iawsa, Lt. Gordon Smith, Lt. Scott Jones, George Hills Company, Hills Company employee John Joiner, and Director of Chaplins Onesimus Ortiz.

about these individuals or of the purported theories of liability which he now seeks to belatedly pursue.  Citing Buckles v. King County, 191 F.3d 1127, 1133-34 (9th Cir. 1999) and Cal. Govt. Code § 820.9[2], defendants also argue that the proposed amendment would be futile since the members of the County Board of Supervisors are immune from liability for their legislative acts.  As to plaintiff's wish to now name George Hills Company and Joiner as defendants with respect to his negligence claim, defendants argue that plaintiff seeks this amendment only because plaintiff admitted during his deposition that his breach of contract claim against these defendants is subject to dismissal.  Furthermore, defendants argue that plaintiff's attempt to change his claim against these defendants from a breach of an insurance contract to a negligence claim does not change its character and that the proposed amendment should be denied as futile.  As for plaintiff's other proposed amendments, defendants argue that plaintiff has already had two opportunities to amend his complaint, defendants have incurred significant expense in taking plaintiff's deposition, and that plaintiff would have to be deposed again if leave to amend is again granted.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Plaintiff filed his original complaint on August 20, 2004 and an amended complaint on April 29, 2005.  The court screened the amended complaint and dismissed it with leave to amend.  A second amended complaint was filed on May 20, 2005 and approved for

---

[2] Cal. Gov. Code § 820.9 (West 2000) provides:

> Members of city councils, mayors, members of boards of supervisors, members of school boards, members of governing boards of other local public entities, members of locally appointed boards and commissions, and members of locally appointed or elected advisory bodies are not vicariously liable for injuries caused by the act or omission of the public entity or advisory body. Nothing in this section exonerates an official from liability for injury caused by that individual's own wrongful conduct. Nothing in this section affects the immunity of any other public official.

service by the court.  A responsive pleading has long ago been served.  Accordingly, leave of court is required in order for plaintiff to file a third amended complaint.  Although Rule 15(a) requires that leave "be freely given when justice so requires[,]" it is within the court's discretion to deny leave when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). See also Amerisourcebergen Corp. v. Dialsist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

The court finds the defendants' arguments persuasive.  To allow further amendment at this late date would prejudice defendants, unduly delay this litigation which has already been pending before the court for over two years and would likely be futile in any event.  Thus, the interest of justice would not be served by granting plaintiff leave to amend the second amended complaint.

With respect to prejudice, defendants reported in their status report, filed on February 16, 2007, that they have completed their discovery, including the taking of plaintiff's deposition, and that they intend to file a motion for summary judgment/adjudication of the issues once that deposition transcript is received.  Granting leave to amend would, according to defendants, require that plaintiff be deposed once again and delay the filing of their motion. With respect to undue delay on plaintiff's part, the court notes that plaintiff had originally named individual members of the Sacramento County Board of Supervisors as defendants in his complaint and then chose to omit them in his first and second amended complaints.  Plaintiff offers no explanation why he waited almost two years following the filing of his second amended complaint, to seek leave to amend once again.  Plaintiff's earlier complaints establish that he was aware of the operative facts with respect to his various claims and had several opportunities to include the defendants he now wishes to name at this late date in his prior complaints. Amerisourcebergen Corp., 465 F.3d at 953.  Finally, as argued by defendants, allowing plaintiff

to amend his complaint yet again to name the individual members of the Board of Supervisors and the George Hills Company and its employee John Joiner as defendants with respect to his various claims would be futile in any event.

The court will recommend that plaintiff's motion be denied in light of his undue delay in seeking leave to amend, prejudice to defendants, and futility as well as in light of the several opportunities previously provided to plaintiff to cure deficiencies with his complaint.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's February 23, 2007 motion for leave to file a third amended complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wade1711.mta

5