IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANCELLOR WADE,

     Plaintiff,                                            No. CIV S-04-1711 GEB DAD P

     vs.

COUNTY OF SACRAMENTO, et al.,

     Defendants.                           <u>ORDER</u>

                                        /

          Plaintiff, a former pretrial detainee at the Sacramento County Main Jail,[1] is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and with state law claims under the court's supplemental jurisdiction. Plaintiff presents claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as for negligence and breach of contract, arising out of alleged actions by the defendant while he was a pretrial detainee. Before the court are plaintiff's two motions to compel responses to his discovery requests.

/////

/////

/////

---

[1] Plaintiff is currently confined at Folsom State Prison.

1

PLAINTIFF'S FIRST MOTION TO COMPEL

I. The Parties' Arguments

On May 15, 2007, plaintiff filed his first motion to compel discovery responses, contending that he has not received any responses to the following discovery requests:

> Defendant Iwasa: Seventeen interrogatories (set two) and six requests for production of documents (set one) served on or about December 27 2006.
>
> Defendant Blanas:  Ten interrogatories (set one) served on or about December 30, 2006.  On January 30, 2007, plaintiff agreed to a two week extension.
>
> Defendant Joiner:  Twenty-four interrogatories (set one) served on January 30, 2007.  On January 30, 2007, plaintiff agreed to a two week extension.
>
> Defendant County of Sacramento:  Fourteen interrogatories (set one) and two requests for production of documents (set one) served on or about January 5, 2007
>
> Defendant George Hills Company:  Fourteen interrogatories (set one) and seven requests for production of documents (set one) served on or about January 5, 2007

Plaintiff seeks an order compelling responses to his interrogatories, the production of documents, and $100 in sanctions for defendants' failure to respond to his discovery requests.

Defendants did not file an opposition or statement of non-opposition to plaintiff's motion to compel.  On October 18, 2007, the court ordered defendants to show cause why plaintiff's motion to compel should not be granted.  On November 2, 2007, defendants responded to the court's order.[2]  Defendants do not oppose the granting of plaintiff's motion to compel responses to interrogatories posed to defendants Blanas and the County of Sacramento. However, as to the interrogatories directed to defendant Iwasa, defendants argue that they should only be required to respond to interrogatories that do not exceed the 25 interrogatories limit set

---

[2] Although defendants do not oppose certain aspect of plaintiff's motion seeking discovery responses, it appears that they have still yet to provide any responses to those discovery requests.

2

forth in Rule 33 of the Federal Rules of Civil Procedure. In this regard, defense counsel argues that defendant Iwasa need only respond to the first 11 interrogatories of plaintiff's second set, because defendant Iwasa previously responded to the fourteen interrogatories from plaintiff's first set of interrogatories. As to defendant George Hills Company and Joiner, defense counsel argue that no discovery responses should be ordered because plaintiff admitted during his January 30, 2007, deposition that he has failed to state a cause of action against these defendants.[3] Lastly, defendants argue that plaintiff's request for sanctions in the amount of $100.00 should be denied because plaintiff is not entitled to attorney fees and has not submitted a bill of costs listing and describing the expenses reasonably incurred in bringing the motion.

In his reply, plaintiff argues that the court can allow a party to exceed the 25 interrogatories limit. Plaintiff requests that the court order defendant Iwasa to respond to all of the interrogatories in set 2, or in the alternative, that the court order defendant Iwasa to respond to interrogatories number 4 to 11 and 15 to 17. Plaintiff provides no further argument in support of his motion to compel discovery responses by defendants Joiner and George Hills Company. As for his request for the $100.00 sanction, plaintiff argues that he has spent time researching and preparing his motion and that defendants failed to provide any response to his discovery requests, even after plaintiff made an informal attempt to resolve the dispute. Lastly, plaintiff clarifies that his motion also seeks production of documents by defendants Iwasa and County of Sacramento, and that those matters were not addressed by defendants in their response to the order to show cause.

/////

/////

/////

---

[3] According to defendants, plaintiff asserts a breach of contract claim against defendants Joiner and George Hills Company pursuant to California Insurance Code § 790.3(h). Defendants contend, however, that the statute does not provide a private right of action. See Moradi-Shalal v. Fireman's Fund Insurance Cos., 46 Cal. 3d 287 (1988).

II. <u>Analysis</u>

    A.  <u>Interrogatories Directed to Defendants Iwasa, Blanas, and County of Sacramento</u>

In light of defendants' lack of opposition to plaintiff's motion to compel responses to interrogatories propounded upon defendants Blanas and County of Sacramento, the court will grant plaintiff's motion and order the defendants to respond to plaintiff's interrogatories propounded upon those defendants.

As to plaintiff's interrogatories served on defendant Iwasa, the court has reviewed interrogatories 12 to 17. The court will order responses to interrogatories 12 through 14, and 17. The court will not order responses to interrogatories 15 and 16, which state as follows:

> **Interrogatory No. 15**
> Between 11-12-03 and 6-1-05, was there any policy or procedure in place at the Sac. Co. Main Jail that, when pork or pork-by products appeared on an inmate's meal tray together with non-pork food items totaling 42 grams of protein, prevented the pork food items from touching the non-pork food items [sic]?
>
> **Interrogatory No. 16**
> Once the food is placed on the trays during the breakfast and dinner meals to be delivered to the inmate population, how is the food then transported to the inmates at Sac. Co. Main Jail to be eaten?, [sic] Explain in detail.

These two interrogatories are both vague and only tangentially related to plaintiff's claim involving defendant Iwasa. In his amended complaint, plaintiff asserts that as a Muslim, he cannot eat pork and that when foods containing pork were served, neither a food substitute nor supplemental diet were provided. Plaintiff alleges that defendant Iwasa responded to plaintiff's grievance regarding the jail's failure to provide a food substitute or supplemental diet. Interrogatories number 15 and 16 concern the manner in which food is served and delivered to inmates, and go beyond the scope of plaintiff's claims against defendant Iwasa. Accordingly, the motion to compel will be denied with respect to those two interrogatories.

The court will order defendants Blanas and the County of Sacramento to respond completely and without objection to all interrogatories and defendant Iwasa to respond to

4

1  interrogatories 1 to 14 and 17 from plaintiff's second set of interrogatories completely and
2  without objection.

3       B.  <u>Requests for Production of Documents by Defendants Iwasa and County of Sacramento</u>

     In issuing the order to show cause, the court inadvertently referred only to plaintiff's interrogatories.  In response to the court's order, defendants Iwasa and County of Sacramento did not address plaintiff's requests for production of documents, did not offer an explanation for their failure to produce the requested documents and did not indicate whether they objected to the requests.  However, upon review of plaintiff's discovery requests, the court finds them to be overly broad and not likely to produce information relevant to plaintiff's claims.  In this regard, as to defendant Iwasa, plaintiff requests for the period between September 12, 2003 and June 1, 2005, the production of "all documents indicating" the purchases and quantities of food items containing pork/pork by-products, the companies that provided those foods, as well as, butter, cooking oil, and lard, and the policy that provides for the accommodation of inmates requiring special diets for medical reasons.  From defendant County of Sacramento, plaintiff has requested copies of liability insurance policies and documents that "identify the payment range to compensate a third party injured by the acts or omissions of a County of Sacramento employee(s)."  These requests are overly broad and do not seek information relevant to plaintiff's claims.  Accordingly, plaintiff's motion to compel the production of documents by defendants Iwasa and the County of Sacramento will be denied.

     C.  <u>Discovery Requests on Defendants Joiner and George Hills Company</u>

     Plaintiff does not contest defendants' contention that his sole claim against defendants Joiner and George Hills Company is for breach of contract based on California Insurance Code § 790.03(h), and that the statute does not provide a private right of action.  Therefore, plaintiff's motion to compel responses to interrogatories by defendants Joiner and

/////

George Hills Company and the production of documents by defendant George Hills Company, will be denied.

### D. Request for Sanctions

Pursuant to Rule 37(a)(5), "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5) (emphasis added). In light of defendants' failure to provide any response to plaintiff's discovery requests which are not contested, the court finds that the imposition of sanctions is appropriate. However, as a pro se litigant, plaintiff is not entitled to attorney's fees nor for compensation for the time he spent preparing his motion. Plaintiff may file and serve a declaration which itemizes any actual costs, such as, postage and photocopying, which will be considered by the court in imposing appropriate sanctions for defendants' failure to respond to plaintiff's discovery requests.

## PLAINTIFF'S SECOND MOTION TO COMPEL

On February 27, 2008, plaintiff filed a motion to compel responses to his first set of interrogatories propounded upon defendant Ortiz, his second set of interrogatories propounded upon the County of Sacramento, and to compel responses to his second set of requests for the production of documents propounded upon the County of Sacramento. Pursuant to the scheduling order, filed on April 9, 2007, motions to compel discovery were due on August 14, 2007.[4] Therefore, plaintiff's motion to compel filed February 27, 2008, will be denied as untimely.

/////

/////

---

[4] On February 4, 2008, the court vacated the dates for the filing of pretrial statements, pretrial conference and trial; however, the deadlines for conducting discovery and for filing of motions to compel discovery were not vacated.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 15, 2007 motion to compel discovery responses is granted in part.

2. Within twenty-one days from the service of this order,

    a. Defendant Iwasa shall respond completely and without objection to plaintiff's interrogatories numbered 1-14, and 17 (Set Two);

    b. Defendant Blanas shall respond completely and without objection to plaintiff's interrogatories (Set One);

    c. Defendant County of Sacramento shall respond completely and without objection to plaintiff's interrogatories (Set One);

3. Plaintiff's May 15, 2007 motion to compel discovery responses by defendants Joiner and George Hills Company, and the productions of documents by defendants Iwasa and County of Sacramento, are denied;

4. Within twenty-one days from the service of this order, plaintiff shall file and serve a declaration itemizing his actual expenses, if any, in bringing his first motion to compel discovery responses;

5. Plaintiff's February 27, 2008 motion to compel discovery is denied as untimely; and

6. Within thirty days from plaintiff's receipt of discovery responses, plaintiff shall file a supplemental opposition to defendants' motion for summary judgment, filed on October

/////
/////
/////
/////
/////

1  26, 2007. Defendants may file a reply within fourteen days following service of plaintiff's
2  supplemental opposition.
3  DATED: March 10, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   wade1711.disc