IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANCELLOR WADE,

    Plaintiff,                                 No. CIV S-04-1711 GEB DAD P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                            <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se with claims under 28 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff also seeks to invoke the court's supplemental jurisdiction over the tort claims in his complaint brought under state law. The events about which plaintiff complains took place while he was incarcerated at the Sacramento County Main Jail. Before the court is a motion for summary judgment brought on behalf of defendants County of Sacramento, former Sheriff Lou Blanas, Chief Deputy Sheriff Mark Iwasa, Sheriff's Lt. Gordon Smith, Sheriff's Lt. Scott Jones, George Hills Company and

/////

/////

/////

/////

1

John Joiner.  Specifically, the moving defendants seek summary judgment in their favor as to plaintiff's claims five, six, and seven and plaintiff's request for punitive damages.[1]

## SECOND AMENDED COMPLAINT

In his second amended complaint plaintiff alleges as follows.  Plaintiff is a "practicing Muslim" and based on his religious beliefs, he is prohibited from eating pork or "pork by products." (Second Am. Compl., Attach. at 4, 8.)[2]  From November 12, 2003 to April 11, 2005, plaintiff was incarcerated at the Sacramento County Main Jail.[3]  (Id. at 5-7.)  Plaintiff contends that he was not provided a "pork free dietary supplement" or Islamic religious services and that defendants Sacramento County and former Sheriff Blanas failed to implement policies to provide such to inmates held in the Sacramento County Jail.  (Id. at 2, 7, 10.)  Plaintiff names as defendants, the County of Sacramento, former Sheriff Lou Blanas, Chief Deputy Sheriff Mark Iwasa, Sheriff's Lt. Gordon Smith, Sheriff's Lt. Scott Jones, George Hills Company, John Joiner and Onesimus Ortiz, the Director of Chaplins at the Sacramento County Main Jail.  (Id. at 2-3.)  In addition to his § 1983 and RLUIPA claims, plaintiff alleges state law claims for negligence and breach of contract against the defendants.  (Id. at 15-16.)  Plaintiff seeks declaratory relief and unspecified compensatory and punitive damages.  (Id. at 17.)

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

---

[1] Defendant Chaplin Onesimus Ortiz has not joined in this motion.  Moreover, the pending motion does not concern plaintiff's claims for relief one through four alleging violations of equal protection, RLUIPA, breach of contract and municipal liability.

[2] All references to plaintiff's second amended complaint are to the hand-written portion of that pleading that is attached to the form complaint.

[3] Plaintiff does not indicate when he was transferred to Folsom State Prison.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
2  1436 (9th Cir. 1987).

3  In the endeavor to establish the existence of a factual dispute, the opposing party
4  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
6  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
8  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
9  committee's note on 1963 amendments).

10  In resolving the summary judgment motion, the court examines the pleadings,
11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
19  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
21  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

22  On April 21, 2006, the court advised plaintiff of the requirements for opposing a
23  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
24  F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
25  Eikenberry, 849 F.2d 409 (9th Cir. 1988).
26  /////

## MOTION FOR SUMMARY JUDGMENT

I. <u>Liability of Defendants Smith, Jones and Iwasa</u>

In his fifth cause of action, titled "Supervisory Liability," plaintiff makes the following claim:

> Defendants Lt. Smith, Sgt. S. Jones, and Captain Iwasa were put on notice that plaintiff's First Amendment rights were being violated, but the three failed to take any steps to remedy the matter.

(Second Am. Compl. at 15.)

On February 5, 2004, plaintiff filed an inmate grievance complaining that he was not receiving a protein diet supplement when pork was being served to jail inmates. (<u>Id.</u> at 8-9.) On February 20, 2004, defendant Sheriff's Lt. Smith denied the grievance on the basis that the food served was "'broad enough to provide minimum nutritional needs without the consumption of religiously prohibited foods.'" (<u>Id.</u>) On March 5, 2004, defendant Sheriff's Lt. Jones denied the grievance at the next level of review. (<u>Id.</u>) Finally on March 11, 2004, defendant Chief Deputy Sheriff Iwasa denied plaintiff's grievance at the final level of review. (<u>Id.</u> at 9-10.)

A. <u>Parties' Arguments</u>

Counsel on behalf of defendants Smith, Jones and Iwasa argue that they are entitled to summary judgment in their favor because the acts they are alleged to have engaged in do not rise to the level of a constitutional violation. (Mot. for Summ. J. (MSJ) at 7.) In this regard, defendants first note that although plaintiff has characterized this claim against the named defendants as one based upon "Supervisorial Liability," there can be no *respondeat superior* liability under § 1983. (<u>Id.</u>) In addition, defendants argue that in any event plaintiff has no constitutional right to a jail grievance process or to any particular result in such grievance processes made available. (<u>Id.</u> at 8) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)). Finally, defendants Smith, Jones and Iwasa contend that it is undisputed that they did not participate in or direct the alleged violation of his rights about which plaintiff complains. Rather, their only involvement was in denying plaintiff's subsequent administrative grievances and that

5

conduct does not rise to the level of actionable unconstitutional conduct. (Id.) (citing Shehee v. Lutrell, 199 F. 3d 295, 300 (6th Cir. 1999)).

In his opposition[4] to the pending motion filed on behalf of defendants Smith, Jones and Iwasa, plaintiff argues that prisoners do have a right of access to an administrative grievance process just as they have a right of access to the courts. (Opp'n at 4.) As to the supervisorial liability, plaintiff argues that defendants Smith, Jones and Iwasa are liable in this case because they were aware of, and failed to take any action to remedy, the violation of his constitutional right. (Id. at 5.) Plaintiff points to the defendants' responses to his grievances at each administrative level as evidence that he made these defendants aware of the violation of his rights and that they each failed to take steps to remedy the violation. (Opp'n Exhibits filed July 22, 2008, Exs. 2-4.)

B. Analysis

For liability under § 1983 there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

---

[4] Plaintiff's opposition was filed on July 21, 2008. On July 22, 2008, his exhibits in support of his opposition were filed after they were inadvertently omitted from his opposition. The court has considered both. In his opposition, plaintiff "objects to the Court allowing Defendants' [sic] to move forward with summary judgment/adjudication while certain discovery requests have not been fully and adequately responded to by defendants, which would put Plaintiff in an adequate position to show the existence of a genuine issue of material fact." (Opp'n at 1-2.) Contrary to plaintiff's assertion, there are no unresolved discovery motions. On March 11, 2008, the court issued an order resolving plaintiff's discovery motions and granting plaintiff leave to file his opposition to defendants' motion for summary judgment, within thirty days from the receipt of discovery responses ordered by the court. In keeping with that order plaintiff filed his opposition to the pending motion on July 21, 2008.

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). To show a prima facie case of supervisory liability, plaintiff must demonstrate that defendants either (1) personally participated in the alleged deprivation of constitutional rights, knew of the violations, and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, it is undisputed that defendants Smith, Jones and Iwasa did not supervise the kitchen staff who rejected plaintiff's request for a pork-free supplement. The only involvement of defendants Smith, Jones and Iwasa was to deny plaintiff's administrative grievances that were submitted after jail kitchen staff had denied his diet requests. It cannot be said under these circumstances that defendants Smith, Jones and Iwasa caused the alleged deprivation or failed to prevent it. Accordingly, to the extent plaintiff seeks to hold those defendants liable on a theory of respondeat superior, defendants Smith, Jones and Iwasa are entitled to summary judgment in their favor.

Moreover, where the defendants' "only roles in a [civil rights" action involve the denial of administrative grievances of the failure to act . . . they cannot be liable under § 1983." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). See also Crowder v. Lash, 687 F.2d 996, 1006 (7th Cir. 1982); Tannerbaum v. Arizona, No. CV 05-1422-PHX-JAT (JRI), 2008 WL 2789589, at *8 (D. Ariz. July 17, 2008) ("the mere denial of a grievance does not give rise to the

7

inference of active unconstitutional behavior; where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional conduct for purposes of § 1983."); Mintun v. Blades, 2008 WL 711636 (D. Id. Mar. 14, 2008) (same); Ruffin v. Winnebago County Jail, No. 03-cv-210-DRH, 2008 WL 835261, at *7 (S.D. Ill. March 27, 2008) ("A director of state correctional agency is not personally responsible for constitutional violations within prison system *solely* because the grievance procedure made him aware of it and he failed to intervene.")

Because the evidence establishes that the involvement of defendants Smith, Jones and Iwasa was solely to review plaintiff's administrative grievance, they are entitled to summary judgment in their favor with respect to this claim.

II. State Negligence Claim

    A. Defendants County of Sacramento and Blanas

In his sixth cause of action, plaintiff claims:

> Defendant County of Sacramento and Defendant Lou Blanas are negligent for not implementing and/or not making sure a policy was in place at the Sac. County Main Jail requiring jail officials to provide plaintiff, [a] Muslim detainee[,] with a pork free dietary supplement.

(Second Am. Compl. at 15.)

    1. Parties' Arguments

Defendants County of Sacramento and former Sheriff Blanas argue that they are entitled to summary judgment in their favor as to plaintiff's state negligence claim against them because plaintiff has stated no statutory basis for liability. (MSJ at 8.) They contend that since defendant Blanas is being sued in his official capacity as the former head of the Sacramento County Sheriff's Department, plaintiff's action must be treated as a suit against the public entity. (Id. at 9.) However, they argue, the California Tort Claims Act protects public entities from tort liability unless there is a specific statutory authority creating a cause of action against the official

in question. (Id.) Defendants argue that plaintiff has failed to identify a specific statute imposing direct liability on defendant Blanas and that plaintiff's broad allegation of negligence is prohibited by the Tort Claims Act. (Id.) Finally, defendants County of Sacramento and former Sheriff Blanas argue that pursuant to California Government Code § 815.2(b), they are immune from liability for exercising discretion in denying plaintiff's grievance.[5] (Id. at 10.)

In opposing the motion for summary judgment plaintiff argues that the failure by defendants Sacramento County and former Sheriff Blanas to implement policies or procedures to ensure that plaintiff received a pork-free dietary supplement and religious services, resulted in a violation of his state and federal rights. (Opp'n at 9.) Plaintiff contends that under California Penal Code § 4027 those confined in county jails must be afforded a reasonable opportunity to exercise their religious freedoms. (Id. at 5.) Plaintiff concludes that "[p]ublic official do not have the discretion whether or not they will operate in a way that is outside of the law and then hide behind sec. 820.2." (Id. at 9.)[6]

    2. <u>Analysis</u>

Turning first to the state law negligence claim against defendant County of Sacramento, under California law the "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care" so that the general rule of immunity for public entities is not eroded by "the routine application of general tort principles." <u>Eastburn v. Regional Fire Protection Authority</u>, 31 Cal. 4th 1175, 1183 (2003); <u>Munoz v. City of Union City</u>, 120 Cal. App. 4th 1077, 1112 (2004). See also <u>Galvan v. Yates</u>, No. CVF05-0986 AWI LJO, 2006 WL 306909, *7 (E.D. Cal. Feb. 8, 2006). In this

---

[5] California Government Code § 815.2(b) provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

[6] California Government Code § 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

regard, the California Supreme Court has stated that the intent of the California Tort Claims Act "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." Id. (citing Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1127 (2002)). To the extent plaintiff seeks to rely on California Penal Code § 4027 as a specific statute declaring public entities to be liable, his argument is not persuasive. That statue does not authorize a tort action against a public entity.[7]

With respect to plaintiff's state law tort claims against defendant Blanas, it is clear that plaintiff is suing the former Sheriff of Sacramento County in his official capacity.[8] Under California law, the reasoning of the Eastburn decision applies with equal force to a common law tort claim of negligence brought against a Sheriff or Police Chief. See Munoz, 120 Cal. App. 4th at 1111-13; Manning v. City of Rohnert Park, No. C 06-03435 SBA, 2006 WL 3591149, at *8 (N.D. Cal. Dec. 11, 2006); Megargee ex rel. Lopez v. Wittman, No. CV F 06-0684 AWI LJO, 2006 WL 2988945, at *10 & n.2 (E.D. Cal. Oct. 17, 2006). Here, as noted above, plaintiff has no statutory basis for his state law negligence claim against defendant Blanas. Therefore, summary judgment should be granted in favor of defendants County of Sacramento and former Sheriff Blanas on plaintiff's state law negligence claim.

B. Defendants Iwasa, Smith and Jones

In his sixth cause of action for negligence, plaintiff sets forth the following claim:

> Defendants captain Iwasa, Lt. Smith, and Sgt. S. Jones are negligent for refusing to remedy the First Amendment violation that plaintiff made the three aware of through a[n] administrative grievance.

---

[7] Penal Code § 4027 was also referred to in the claim submitted by plaintiff to the California Board of Control. That statute merely provides: "It is the intention of the Legislature that all prisoners confined in local detention facilities shall be afforded reasonable opportunities to exercise religious freedom."

[8] In his second amended complaint, plaintiff describes defendant Blanas as follows: "Defendant Sheriff Lou Blanas has, and did have on all dates and times relevant to this action, final policy making authority at Sac. Co. Main Jail, authority delegated to him by defendant County of Sacramento." (Second Am Compl. at 4.)

(Second Am. Compl. at 15.)  The court has construed this cause of action as alleging that defendants Iwasa, Smith and Jones were negligent when they denied plaintiff's grievances by which he sought to obtain a pork-free dietary supplement.

    1. <u>Parties' Arguments</u>

    Defendants Smith, Jones and Iwasa also argue that they are entitled to summary judgment with respect to this claim because they are immune from liability under California Government Code § 820.2 since their decisions to deny plaintiff's grievances were an exercise of their discretion rather than a ministerial act.[9]  (<u>Id.</u> at 9-10.)  According to defendants, public employees are granted immunity for such discretionary acts.  (<u>Id.</u> at 10.)  They argue that they exercised their discretion in denying plaintiff's grievance after they had made inquiry and were informed that the diet served to plaintiff was sufficient to meet both his religious and nutritional needs.  (<u>Id.</u> at 10-11.)

    Defendants Smith and Jones also argue that plaintiff's negligence claim against them is barred because plaintiff failed to comply with the requirements of the California Tort Claims Act.  (<u>Id.</u> at 11.)  In this regard, they contend that on the administrative claim form he submitted plaintiff did not identify them as the public employees involved in causing him injury but instead named only "County of Sacramento, Sac County Sheriff's Dept., Lou Blanas, Captain Iwasa[.]"  (Second Am. Compl. Ex. G).

    In opposition to the pending motion for summary judgment plaintiff argues that by reviewing plaintiff's grievance, defendants performed ministerial duties and are not immune from suit under California Government Code § 820.2.  (Opp'n at 9) (citing <u>Doe 1 v. City of Murrieta</u>, 102 Cal. App. 4th 899, 911 (2002).  Plaintiff also argues that defendants' position regarding the sufficiency of his diet was in error and that because pork or pork by-products were placed on the same tray all of his food was contaminated and inedible based on the principles of

---

[9] <u>See</u> fn. 6, <u>supra</u>.

his Muslim faith. (Id. at 10.) With respect to his failure to identify defendants Smith and Jones on the administrative claims form filed with the County of Sacramento, plaintiff argues that his failure to do so was inadvertent and that his claims against these defendants should be considered on the merits, rather than be denied on a "minor technicality made by a pro se litigant." (Id. at 11.)

### 2. Analysis

Under California law a discretionary act for purposes of applying Government Code § 820.2, is defined as an act "which requires the exercise of judgment or choice." Burgdorf v. Funder, 246 Cal. App. 2d 443, 449 (1966). In this context, "[d]iscretion has also been defined as meaning equitable decision of what is just and proper under the circumstances." (Id.) See also C.N. v Wolf, 410 F. Supp. 2d 894, 902 (C.D. Cal. 2005); Davila v. County of San Joaquin, No. Civ. S-06-2691 LKK EFB, 2008 WL 3876220, *9 (E.D. Cal. Aug. 20, 2008) (where officers balanced the facts and options known to them and made a decision about how best to care for an individual, their acts were discretionary and they were entitled to immunity from plaintiff's state law negligence claims).

Here, the evidence before the court establishes that defendant Lt. Smith reviewed and investigated plaintiff's grievance and was informed by the kitchen staff at the jail that plaintiff was receiving food that satisfied his minimum nutritional needs without the consumption of food prohibited by his religion as required by the applicable regulations. (MSJ, Ex. C.) Based upon what he learned as a result of his inquiry, defendant Smith denied plaintiff's grievance. (Id.) Defendants Jones and Iwasa merely upheld Lt. Smith's decision in this regard. (MSJ, Exs. E & F.) These decisions were an exercise of judgment, not a ministerial function. See Morgan v. County of Yuba, 230 Cal. App. 2d 938, 942-43 (1964) (holding that "an act is said to be ministerial when it amounts only to an obedience to orders, or the performance of a duty in which the officer is left no choice of his own.").

/////

1   The court is not persuaded by plaintiff's argument on this point and his reliance
2   on the decision in Doe 1 v. City of Murrieta is misplaced.  In that case, a negligence claim was
3   brought against the City of Murrieta and its Police Department alleging that their employees'
4   failure to properly supervise a police officer/mentor and to enforce rules and regulations, resulted
5   in the sexual exploitation of three minors participating in a law enforcement career program.  The
6   California Court of Appeal concluded that the named defendants were not entitled to
7   discretionary immunity because their failure to follow program rules and guidelines involved
8   ministerial conduct rather than discretionary acts which required planning and policy making.
9   Doe 1, 102 Cal. App. 4th at 913.  In Doe 1, there were specific rules and regulations governing
10  the conduct of the mentor and there was evidence establishing that supervising officers within the
11  department knew, or should have known, about the mentor's conduct.
12          Here, defendants Smith, Jones and Iwasa merely reviewed plaintiff's grievances to
13  determine if he was entitled to relief under applicable regulations.  In reviewing plaintiff's
14  grievances, the defendants employed their judgment as to whether there was any violation of the
15  regulations concerning religious diets within the jail.  As such, defendants Smith, Jones and
16  Iwasa are entitled to immunity and to summary judgment in their favor as to plaintiff's state law
17  negligence claim against them.

III.  George Hills Company and John Joiner

In his seventh claim for breach of contract as a third-party beneficiary, plaintiff claims:

> Plaintiff based on information and belief alleges that there exist (sic) a contract/insurance policy that benefits plaintiff, a third party in [the] event he is injured and a Sac. county employee is liable.
>
> Defendant George Hill Co., and defendant John Joiner failed to properly investigate plaintiff's claim against Sac county and refused without good cause to attempt to settle a valid claim.
>
> Defendant George hill co. (sic), and Defendant John Joinder's failure to do the above, paragraph #50, is a violation of the California Insurance Code.

(Second Am. Compl. at 14-15.)  Plaintiff has attached to his complaint a letter from the Human Resources Agency of the County of Sacramento, notifying plaintiff that his claim against the County of Sacramento was forwarded to their claims administrator, the George Hills Company.  (Id., Ex. I.)  On March 9, 2004 defendant Joiner, the claims administrator, notified plaintiff that his claim had been rejected.  (Id., Ex. J.)

        Defendants contend that at his deposition, plaintiff conceded that his allegations against defendants George Hills Company and claims administrator John Joiner for breach of contract fail to state a cognizable claim.  (MSJ at 11-12.)  In this regard, defendants argue that plaintiff's concession is appropriate because the California Insurance Code provision upon which plaintiff based his breach of contract claim does not provide a private right of action.  (MSJ at 12.)

        In his opposition plaintiff agrees with defendants and "voluntarily withdraws" his breach of contract claim against defendants George Hills Company and John Joiner.  Therefore, defendants motion should be granted in this regard and plaintiff's sole cause of action against defendants George Hills Company and John Joiner, should be dismissed.

IV. Punitive Damages

   A. Parties' Arguments

        Defendants County of Sacramento and former Sheriff Blanas argue that neither federal nor state law permit the award of punitive damages against public entities.  (MSJ at 12.)  With respect to federal law, defendants argue that the United States Supreme Court has held that punitive damages are not permitted against municipalities in actions brought under § 1983.  (MSJ at 12) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)).  Defendants contend that with respect to state law, California Government Code § 818 specifically provides that "a public entity is not liable for . . . damages imposed primarily for the sake of example and by way of punishing the defendant."  Finally, defendants argue that even if punitive damages were otherwise available, plaintiff has merely alleged that defendants were negligent in failing to

employ adequate policies and that such allegations of mere negligence, as opposed to oppression, fraud, or malice, fail as a matter of law to support an award of punitive damages. (Id. at 12-13) (citing California Civil Code § 3294).

In his opposition to the pending motion plaintiff concedes that under California Government Code § 818, punitive damages may not be awarded against either Sacramento County or former Sheriff Blanas in his official capacity. (Opp'n at 12.) However, plaintiff argues that a

> public entity may pay punitive damages award (sic) unless the Legislature makes a specific finding that "at the time of the act giving rise to liability, the employee . . .acted . . . in good faith, without actual malice and in the apparent best interests of the public entity."

(Id.) (quoting Government Code § 825(b)(2). In this regard, plaintiff contends that the failure of defendants Sacramento County and former Sheriff Blanas to implement policies or procedures ensuring that Muslim inmates in the jail were provided with a pork-free dietary supplement was "intentional, wilful, and conscious wrong doing of injurious nature" because these defendants were aware of other court cases making similar challenges. (Id.) Accordingly, plaintiff argues that punitive damages against Sacramento County and former Sheriff Blanas are available to him. (Id. at 13.)

B. Analysis

Plaintiff may not seek punitive damages against defendant County of Sacramento for alleged violations of his constitutional rights under § 1983. See City of Newport, 453 U.S. at 271 (holding that municipalities are immune from punitive damages in § 1983 action); Cook County, Ill. v. United States, ex rel. Chandler, 538 U.S. 119, 129 (2003) (no punitive damages are allowed against a municipality unless expressly authorized by statute); Mitchell v. Dupnik, 75 F.3d 517, 526 (9th Cir. 1996); Davis v. Sacramento County Sheriff's Dept., No. CIV S-07-0674 LKK EFB P, 2008 WL 540614, at *2 (E.D. Cal. Feb. 25, 2008) (granting motion to strike

/////

plaintiff's demand for punitive damages because Congress has not abrogated the immunity of municipalities from punitive damages and no California law waives that immunity).

Moreover, under California law a public entity defendant is not liable for punitive damages. See Cal. Gov. Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the civil code or other damages imposed primarily for the sake of example and by way of punishing the defendant."). Therefore, defendant County of Sacramento is entitled to summary judgment in its favor as to any punitive damages claims against it brought under 42 U.S.C. § 1983 or state law.

Moreover, plaintiff may not seek punitive damages on federal claims against former Sheriff Blanas who is being sued in his official capacity. See City of Newport, 453 U.S. at 271; Mitchell, 75 F.3d at 527 (punitive damages award against the Sheriff in his official capacity "is in reality an assessment against the county, which is immune from such damages"); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."). Therefore, the defendants' motion for summary judgment should be granted as to plaintiff's claim for punitive damages brought pursuant to § 1983 against defendant Blanas.[10]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment filed on behalf of defendants County of Sacramento, Blanas, Iwasa, Smith, Jones, George Hills Company and Joiner (Doc. No. 43), filed on October 26, 2007, be granted;

/////

---

[10] The only other claim in which defendant Blanas is named is plaintiff's sixth cause of action for negligence. (Second Am. Compl. at 15.) The court has recommended that defendant Blanas be granted summary judgment as to that state law negligence claim due to the lack of a statutory basis. See supra at p. 10. If that recommendation is adopted, any claim for punitive damages against former Sheriff Blanas with respect to that negligence claim will be rendered moot.

2. Defendants George Hills Company and Joiner be dismissed from this action;

3. Plaintiff's fifth, sixth and seventh causes of action be dismissed in their entirety; and

4. Plaintiff's request for punitive damages on his § 1983 and state law negligence claims against defendants County of Sacramento and former Sheriff Blanas be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 3, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wad1711.msj