IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANCELLOR WADE,

    Plaintiff,                    No. CIV S-04-1711 GEB DAD P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with claims under 28 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and various state law claims over which he seeks the court to exercise its supplemental jurisdiction. On October 10, 2008, the court filed a further scheduling order, setting new dates for the filing of pretrial statements, pretrial conference, and trial. Before the court is plaintiff's request to amend that scheduling order. Defendants have filed their opposition to plaintiff's request.

        Plaintiff seeks to reopen discovery in order to file a summary judgment motion. Discovery closed in this action on August 14, 2007, and the October 26, 2007 deadline for filing pretrial motions has long since passed. <u>See</u> Scheduling Order filed April 9, 2007. In seeking to reopen discovery and law and motion, plaintiff claims that he did not receive the court's

/////

March 11, 2008 order addressing his May 15, 2007 motion to compel[1], and that the court has not ruled on his second motion to compel, filed on February 27, 2008.  In addition, plaintiff asserts that although he is uncertain whether he received all of the discovery responses from defendants ordered by the court, based on the limited discovery materials he has obtained, "[d]efendants responses has led to the need for more discovery."  (Pl.'s Mot. at 3.)  Defendants argue that plaintiff provides no reasonable explanation as to why he did not conduct discovery in a timely manner and that he has failed to show good cause to amend the scheduling order.

       The court will deny plaintiff's request to reopen discovery and to extend the filing date for pretrial motions.  The court is not persuaded by plaintiff's mere speculation that defendants may not have complied with the court's March 11, 2008 order or by plaintiff's claim that at this late date in the action, further discovery is needed.  The court does note plaintiff's contention that he did not receive the court's March 11, 2008 order.  However, on May 19, 2008 the court issued an order stating that on March 11, 2008, the court had granted plaintiff's May 15, 2007 motion to compel in part and provided plaintiff with an opportunity to file a supplemental opposition to defendants' summary judgment motion following his receipt of additional responses to his interrogatories.  Thus, plaintiff was made aware of the court's March 11, 2008 order and yet plaintiff never sought additional discovery nor indicated that he was unable to file his supplemental opposition without further discovery.  Indeed he filed his supplemental opposition to defendants' summary judgment motion on July 21, 2008.  Under these circumstances, the fact that plaintiff waited until October 23, 2008, to first claim that he was unaware of the court's March 11, 2008 discovery order makes that claim less credible.

/////

---

[1] In the court's order filed March 11, 2008, the court granted in part plaintiff's May 15, 2007 motion to compel discovery responses.  The court ordered defendants Iwasa, Blanas, and County of Sacramento to provide further responses to specific interrogatories, without objections to those interrogatories.  In that same order, the court denied plaintiff's February 27, 2008 motion to compel as untimely.  The court's records indicate that the order was served on plaintiff by mail to his address of record.  That mailing was not returned to the court as undeliverable.

Moreover, plaintiff has not attempted to explain what discovery is needed in order to support the summary judgment motion he indicates he now wishes to belatedly file. Nor does plaintiff attempt to establish good cause for the reopening of law and motion. Finally, as to plaintiff's claim that the court failed to rule on his February 27, 2008 motion to compel discovery, is in error. In the court's March 11, 2008 order, plaintiff's motion was denied as untimely.

Because of the pending deadlines for the parties to file their pretrial statements and in the interest of justice, the court will vacate and reset the dates for the filing of the pretrial statements, pretrial conference and trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 23, 2008 motion to amend the October 10, 2008 further scheduling order (Docket No. 68), is denied;

2. The dates in the further scheduling order (Docket No. 67), filed on October 10, 2008, are modified as follows:

   a. The November 21, 2008 deadline for plaintiff to file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial is vacated, and reset for December 29, 2008. Defendants' December 5, 2008 deadline for filing their pretrial statement is vacated, and reset for January 16, 2009. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

   b. Pretrial conference (as described in Local Rule 16-282) on December 12, 2008 is vacated, and reset for January 30, 2009, before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party;

3. The jury trial on April 7, 2009 before the Honorable Garland E. Burrell, Jr. is vacated, and reset for June 2, 2009 at 9:00 a.m. in Courtroom 10; and

/////

1    4.  The Clerk of the Court is directed to provide plaintiff with another copy of the
2 court's March 11, 2008 order (Docket No. 56).
3 DATED: November 24, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wade1711.amdsche

4