1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHANCELLOR WADE,

11             Plaintiff,                    No. CIV S-04-1711 GEB DAD P

12        vs.

13   COUNTY OF SACRAMENTO, et al.,

14             Defendants.              <u>FINAL PRETRIAL ORDER</u>

15   _____/

16             Pursuant to court order the parties have submitted pretrial statements.  Plaintiff's

17   pretrial statement was filed on January 28, 2009 (Doc. No. 77), and plaintiff's addendum listing

18   the exhibits and discovery documents he plans to offer at trial was filed on September 16, 2009

19   (Doc. No. 84).  Defendants' pretrial statement was filed on July 17, 2009 (Doc. No. 83).

20             On February 26, 2010, the court filed its pretrial order and advised the parties that

21   if objections were not filed, the order would become final.  On March 11, 2010, defendants filed

22   their objection to Undisputed Fact No. 2 and asked that it be stricken.[1]  Since it now appears

23   clear that this fact is disputed, it will be stricken from the statement of undisputed facts and

24   added to the statement of disputed facts.

25   _____

26        [1]  Undisputed Fact No. 2 provided:  "During the relevant time period, plaintiff was a
     Muslim."

                                              1

Upon review of the parties' pretrial statements, the files and records in this action, the parties' assertions during the trial confirmation hearing on March 12, 2010, and good cause appearing therefor, this court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. The parties also agree that this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's state law claims.  Venue is undisputed and proper in that all of the events in question occurred at the Sacramento County Main Jail.

PARTIES

Plaintiff is currently incarcerated at Folsom State Prison and is proceeding pro se in this civil rights action.

Defendants originally named in this action were the County of Sacramento, former Sacramento County Sheriff Lou Blanas, Chief Deputy Sheriff Mark Iwasa, Sheriff's Lieutenant Gordon Smith, Sheriff's Lieutenant Scott Jones, and Jail Chaplain Onesimus Ortiz. However, the action is proceeding to trial only against defendants County of Sacramento, former Sheriff Blanas, and Jail Chaplain Ortiz.  See Amendment/Dismissals, infra at 9.  Defendants are represented by the Law Offices of Moreno and Rivera.

SECOND AMENDED COMPLAINT

The operative complaint is plaintiff's second amended complaint, filed on May 20, 2005 (Doc. No. 6).  Plaintiff contends that he is Muslim and that while incarcerated at the Sacramento County Main Jail he was not provided access to religious services and programs that were made available to Christian inmates, and was not provided a pork-free dietary supplement in keeping with the practice of his religion.

Specifically, this action is proceeding to trial on plaintiff's claims that:  (1) defendant Chaplain Ortiz violated plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause (First Cause of Action); (2) defendant Sacramento County denied plaintiff his

1  rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) (Second Cause

2  of Action); (3) plaintiff's rights as a third party beneficiary to the contract between defendant

3  Sacramento County and defendant Chaplain Ortiz were violated (Third Cause of Action); and (4)

4  defendants Sacramento County and Blanas violated plaintiff's rights under the First

5  Amendment's free exercise clause (Fourth Cause of Action).

6  JURY/NON-JURY

7          Both parties have made timely requests for trial by jury.

8  UNDISPUTED FACTS

9          1.  Plaintiff was incarcerated at the Sacramento County Main Jail at all times

10  relevant to this action.  Plaintiff arrived at the Sacramento County Main Jail on November 12,

11  2003, and was incarcerated there through May 17, 2005, when plaintiff second amended

12  complaint was served.

13          2.  Plaintiff filed an administrative grievance in which he requested a nutritional

14  dietary supplement on days when pork or pork by-products were being served to inmates at the

15  Sacramento County Main Jail.

16          3.  Plaintiff's administrative grievance was denied at each level of administrative

17  review.

18          4.  Plaintiff also filed an administrative grievance requesting that Islamic religious

19  services be provided for Muslim inmates at the Sacramento County Main Jail.  That grievance

20  was denied at each level of administrative review.

21          5.  Chief Deputy Sheriff Mark Iwasa was the jail commander at the Sacramento

22  County Main Jail at all times relevant to this action.

23          6.  Defendant Lou Blanas was the Sheriff of the Sacramento County Sheriff's

24  Department at all times relevant to this action.

25  /////

26  /////

DISPUTED FACTUAL ISSUES

1. Whether plaintiff was a practicing Muslim during the time of his incarceration at the Sacramento County Main Jail.

2. Whether plaintiff was provided comparable opportunities to participate in religious worship services and study as was provided to Christian inmates of the Sacramento County Main Jail.

3. Whether plaintiff was provided a nutritionally balanced diet that met all of his dietary needs without ingestion of any pork products which could violate his religious tenants during his incarceration at the Sacramento County Main Jail.

4. Whether plaintiff was deprived of the opportunity to freely exercise his religion while incarcerated at the Sacramento County Main Jail.

5. Whether plaintiff suffered any injury as a result of defendants' alleged conduct.

6. Whether defendant Chaplain Ortiz undertook sufficient efforts to locate an Iman to provide Islamic worship services for Muslim inmates at the Sacramento County Main Jail.

7. Whether plaintiff failed to mitigate his damages, if any, in this case.

DISPUTED EVIDENTIARY ISSUES

Defendants anticipate challenging the admissibility of the proposed testimony of plaintiff's  witness, Dale A. Robinson, via motions in limine.

Plaintiff indicates in his pretrial statement that he is unaware of the evidence defendants will proffer at trial and asks that he be allowed to defer his response in this regard. Plaintiff's request will be denied.  In the defendants' pretrial statement, counsel for defendants have listed the defense witnesses that will be called at trial as well as the exhibits they intend to introduce.

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

1.  In the second amended complaint, plaintiff seeks "general" and "special" damages according to proof at trial.  (Second Am. Compl. at 17.)

2.  Plaintiff also seeks punitive damages.  However, plaintiff's request for punitive damages with respect to his § 1983 and state negligence claims against defendants County of Sacramento and former Sheriff Blanas have been dismissed.  See Findings and Recommendations, filed Sept. 3, 2008 (Doc. No. 63) and Order, filed Sept. 29, 2008 (Doc. No. 66).

3.  Plaintiff seeks declaratory relief as to his Religious Land Use and Institutionalized Persons Act (RLUIPA) claim.

4.  Plaintiff requests reasonable attorney fees and the cost of suit.  Plaintiff's request for attorney fees will not be entertained since he is not represented by an attorney.  The court also notes that plaintiff is proceeding in forma pauperis.

5.  Plaintiff also seeks such other relief as the court deems just.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations.  Trial briefs shall be filed with this court no later than fourteen days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Both plaintiff and defendants anticipate calling the following as witnesses at trial in this action:

/////

/////

1. Chief Deputy Sheriff Mark Iwasa;[2] and

2. Defendant Chaplain Ortiz.

In addition, plaintiff anticipates calling the following witnesses:

1. Defendant County of Sacramento;[3]

2. Defendant former Sheriff Blanas;

3. Former inmate Dale E. Robinson; and

4. Plaintiff.

The court recently learned that plaintiff's proposed witness, Dale Robinson, is no longer incarcerated.  Therefore, the court will not issue a writ of habeas corpus ad testificandum for Dale E. Robinson.  Plaintiff must follow the procedures set forth in the court's Further Scheduling Order, filed in this action on April 2, 2009, to obtain the attendance of unincarcerated witnesses at trial.  Even though plaintiff was granted leave to proceed in forma pauperis, he must submit the daily witness fee and witness travel expenses to the United States Marshal with the subpoena in connection with each unincarcerated witness he seeks to call at trial.

In addition, defendants anticipate calling the following witnesses:

1. Sheriff's Lieutenant Gordon Smith;

2. Sheriff's Lieutenant Scott Jones;

3. Plaintiff Chancellor Wade; and

4. Carol Heurer, Food Services Manager at the Sacramento County Main Jail.

Each party may call any witnesses designated by the other.

A.      No other witness will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the

---

[2]  Plaintiff requested that he be allowed to add witness Chief Deputy Sheriff Mark Iwasa in his Addendum to Pre-trial Statement (Doc. No. 84), filed on September 16, 2009.  Plaintiff's request is granted.

[3]  In listing the County of Sacramento as a witness, plaintiff does not explain who he anticipates calling as a witness.

1  purpose of rebutting evidence which could not be reasonably anticipated at

2  the pretrial conference, or

3  (2) The witness was discovered after the pretrial conference and the

4  proffering party makes the showing required in "B," below.

5       B.     Upon the post-pretrial discovery of witnesses, the party shall promptly

6  inform the court and opposing parties of the existence of the unlisted witnesses so that the court

7  may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not

8  be permitted unless:

9  (1) The witnesses could not reasonably have been discovered prior to

10  pretrial;

11  (2) The court and the opposing party were promptly notified upon

12  discovery of the witnesses;

13  (3) If time permitted, the party proffered the witnesses for deposition;

14  (4) If time did not permit, a reasonable summary of the witnesses'

15  testimony was provided to the opposing party.

16  EXHIBITS, SCHEDULES AND SUMMARIES

17       Plaintiff anticipates offering into evidence:

18       1.  The Sacramento County Main Jail Handbook, 2003 edition[4].

19       Defendants anticipate offering into evidence:

20       A.  Plaintiff's inmate grievance dated February 5, 2004.

21       B.  SCSD Correctional Services reply to plaintiff's inmate grievance dated

22  February 20, 2004.

23       C.  Plaintiff's inmate grievance dated February 12, 2004.

24       D.  SCSD Correctional Services reply to plaintiff's inmate grievance dated March

25

26      [4]  Plaintiff clarified at the trial confirmation hearing that the handbook is the 2003 edition.

6, 2005.

E.  Plaintiff's appeal to the reply to the inmate grievance dated March 15, 2005.

F.  SCSD Correctional Services reply to plaintiff's inmate appeal dated April 11, 2005.

G.  SCSD Main Jail Qur'an distribution lists.

H.  SCSD Operations Order 10/60:  Religious Services.

I.  SCSD Operations Orders 8/11:  Religious Services.

J.  Chaplain Ortiz's correspondence and memo files regarding attempts made to secure an Iman.

Defendants provided copies of their exhibits to plaintiff at the trial confirmation hearing.  Plaintiff clarified during the trial confirmation hearing that his exhibits are the defendants' responses to his discovery requests and the 2003 edition of the Sacramento County Main Jail Handbook.  Defendants already possess copies of these exhibits.

Each party are directed to file any objections to the listed exhibits ten days prior to trial.  Each exhibit not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to mark exhibits; defendant will use letters.

A.  No other exhibits will be permitted to be introduced unless:

1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the post pretrial discovery of exhibits not listed in this order, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

1.  The exhibits could not reasonably have been discovered earlier;

2.  The court and the opposing party were promptly informed of their existence;

3.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during trial.

DISCOVERY DOCUMENTS

Plaintiff anticipates offering all sets of interrogatories and document requests propounded on the defendants County of Sacramento, Blanas and former defendant Iwasa.[5]

Defendants do not anticipate offering into evidence any of plaintiff's discovery responses.  However, defendants reserve the right to impeach plaintiff with his responses to discovery requests and with his deposition testimony in the event he testifies at trial.

FURTHER DISCOVERY OR MOTIONS

Discovery closed in this action on August 14, 2007.  On March 11, 2008, the court granted in part, plaintiff's May 15, 2007 motion to compel further discovery responses. (See Doc. No. 56.)  Therein, defendants Iwasa, Blanas, and County of Sacramento were ordered to provide responses to specifically identified interrogatories propounded by plaintiff.

Defendants anticipate filing motions in limine.

Motions in limine by either party must be filed seven days prior to the trial.

/////

_____

[5]  See Plaintiff's Addendum to Pre-Trial Statement at 1.

1  STIPULATIONS

2         At the trial confirmation hearing, defendants stipulated that they were acting under

3  color of state law at all times relevant to this action.

4  AMENDMENTS/DISMISSALS

5         Neither party requests amendments to the pleadings.

6         Defendants submit that defendants Iwasa, Smith and Jones should be dismissed

7  from this action since they are not named in the causes of action which remain for trial following

8  the disposition of the defendants' motion for summary judgment.  The court agrees.  In the

9  court's September 29, 2008 order, adopting the September 3, 2008 findings and

10  recommendations, defendants' motion for summary judgment was granted in part and plaintiff's

11  fifth, sixth and seventh causes of action were dismissed in their entirety.  Plaintiff's remaining

12  first, second, third and fourth causes of action do not name defendants Iwasa, Smith and Jones.

13  Therefore, as noted above, this action is proceeding to trial only as to defendants County of

14  Sacramento, Blanas and Ortiz with respect to plaintiff's First, Second, Third and Fourth causes

15  of action.

16  SETTLEMENT NEGOTIATIONS

17         The parties indicated in their pretrial statements that they wished to proceed with a

18  settlement conference.  On February 3, 2010, a settlement conference was held before the

19  undersigned which did not result in the settlement of this action.

20  AGREED STATEMENTS

21         Defendants indicate that they believe an Agreed Statement of Facts can be arrived

22  at regarding the presentation of some of the evidence at trial.  Defendants are encouraged to

23  pursue with plaintiff the drafting of an agreed statement of facts for use at trial and to provide

24  that agreed statement to the trial judge prior to the commencement of trial.

25  SEPARATE TRIAL OF ISSUES

26         Not applicable.

1  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

2      Not applicable.

3  ATTORNEYS' FEES

4      As indicated above, plaintiff seeks an award of attorney's fees.  However, plaintiff

5  is not represented by counsel and is, therefore, not entitled to the award of attorney's fees.

6  Defendants indicate that in the event they prevail at trial they may apply for a fee award under 42

7  U.S.C. § 1988.

8  TRIAL CONFIRMATION HEARING

9      A trial confirmation hearing was held on March 12, 2010 at 2:30 p.m. before the

10  Honorable Garland E. Burrell, Jr. in Courtroom 10, Thirteenth Floor.  Defendants' counsel,

11  Jonathan Paul of the Law Offices of Moreno and Rivera, and plaintiff were present at the

12  hearing.

13  ESTIMATED TIME OF TRIAL/TRIAL DATE

14      Jury trial is set for April 20, 2010 at 9:00 a.m. in Courtroom 10, Thirteenth Floor,

15  before the Honorable Garland E. Burrell, Jr.  Trial is anticipated to last one and a half court days.

16  PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

17      The parties are directed to Local Rule 162.1(a) and Local Rule 163(a) for

18  procedures and time limits regarding proposed voir dire and proposed jury instructions,

19  respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed

20  voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for

21  trial.  In addition, the parties shall file a proposed verdict form not later than fourteen days before

22  the date set for trial.

23  MISCELLANEOUS

24      Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant

25  to the writ of habeas corpus ad testificandum to be issued by the court.  All parties shall take any

26  /////

steps necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are

cautioned that sanctions will be imposed for failure to comply with court orders.

DATED: March 19, 2010.

DAD:4
wade1711.pto2

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12